UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| TACO BARR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TE509, LLC,<br>FC MANAGEMENT, LLC, and<br>JEFFREY FINE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: ________________ |

**COMPLAINT**
**(Injunctive Relief Sought)**

Plaintiff, Taco Barr, LLC, ("Barr" or "Plaintiff"), brings this action against Defendants, TE509, LLC, FC Management, LLC, and Jeffrey Fine ("Fine") (collectively, "Defendants") and alleges as follows:

**INTRODUCTION**

1. This is an action for violations of the Lanham Act and related state law causes of action, based on Defendants' deliberate adoption of Plaintiff's name and ongoing representation in the marketplace that their restaurant services originate with, are affiliated or connected with, are sponsored or licensed by, or are otherwise the same as the nationally-recognized services which have been provided for years in Plaintiff's establishment.

**JURISDICTION**

2. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 in that the claims arise under the federal Lanham Act (15 U.S.C. § 1121, *et seq.*). This Court has

jurisdiction of related state claims under 28 U.S.C. § 1367. This Court additionally has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

## THE PARTIES

3. Barr is a Maine limited liability company with a principal place of business in Cape Elizabeth, Maine.

4. Upon information and belief, TE509, LLC is a Nevada limited liability company with a principal place of business in Las Vegas, Nevada.

5. Upon information and belief, TE509, LLC is the owner of Taco Escobar, a restaurant located at 509 Fremont Street, Las Vegas, Nevada.

6. Upon information and belief, FC Management, LLC is a Nevada limited liability company with a principal place of business in Las Vegas, Nevada.

7. Upon information and belief, FC Management, LLC is the manager or managing member of TE509, LLC.

8. Upon information and belief, Jeffrey Fine is an individual resident of Nevada.

9. Upon information and belief, Jeffrey Fine is the manager or managing member of FC Management, LLC.

10. Upon information and belief, Jeffrey Fine is the President and CEO of The Lev Restaurant Group, which operates Taco Escobar.

## BACKGROUND AND FACTUAL ALLEGATIONS

11. For just over fifteen years, Barr, through its principal Thomas Barr III, has owned and operated a successful Mexican restaurant, bar, and catering service in Portland, Maine known as Taco Escobarr.

12. Thomas Barr III is the third generation of his family to work in the food service industry, a restaurateur who has invested a considerable amount of time and resources in working to build brand recognition and provide a high-quality product to hungry patrons.

13. Portland, Maine, where Taco Escobarr is located, is known for its tourist traffic, particularly in the summer months. The Maine Office of Tourism has estimated that more than 2.6 million visitors traveled to greater Portland and the Casco Bay region in which it is located in 2025 alone. *See* Exhibit 1 at 8.

14. In addition to being a statewide favorite among locals and tourists, Taco Escobarr has received numerous accolades from national foodie sites.

15. In 2017, the popular foodie site *Eater* included Taco Escobarr on its list of Maine's best spots to snag tacos. *See* Exhibit 2.

16. In 2020, the blog *The Daily Meal* ran an article picking the best taco in every state. Taco Escobarr took honors for Maine. *See* Exhibit 3.

17. In 2025, the site *LoveFood* named Taco Escobarr the number one Mexican restaurant in the entire state. *See* Exhibit 4.

18. In 2026, the site Cheapism identified the best meal under $15 in every state, ranking Taco Escobarr as Maine's standout. *See* Exhibit 5.

19. Beginning in late 2024, Mr. Barr began to receive solicitation emails from various Las Vegas based businesses seeking to sell him billboard space, connect him with the local Chamber of Commerce, and offer other services.

20. In that fashion, it came to his attention that a "Taco Escobarr" was shortly to open on Fremont Street in Las Vegas.

21. Mr. Barr was particularly surprised to read a November 8, 2024 "Vital Vegas" article (*Taco Escobarr to Replace Smashed Pig on Fremont East*) regarding Taco Escobarr's proposed Las Vegas launch, which featured a sketch of the new location reportedly taken from leasing documents used to pitch spaces to new tenants:




22. The placeholder for the proposed Taco Escobarr location features the logo lifted straight from Taco Escobarr's own website: https://www.tacoescobarr.com/.




23. Indeed, the article's author drew the same connection, writing that: "As the announcement of Taco Escobarr hasn't been made yet, we can't be sure if it's the same as Taco Escobarr in Portland, Maine. If the font fits, draw reckless conclusions. Here's their Instagram account." *See* Exhibit 6.

24. Mr. Barr attempted to reach out to the brokerage firm referenced in the article to shed some light on the use of his brand's name and logo on an unconnected establishment, though received no response to his communication.

25. Shortly thereafter, "Taco Escobarr" Las Vegas rebranded to "Taco Escobar" (dropping the second "R" which was a direct reference to Mr. Barr's name).

26. The true origins of "Taco Escobarr" Las Vegas are not a mystery. Jeffrey Fine, President and CEO of The Lev Restaurant Group which operates Taco Escobar Las Vegas through TE509, LLC, has been one of the millions of Maine tourists referenced earlier in this pleading.

27. Mr. Fine explained in a 2024 interview that he is a fierce proponent of getting out of town, especially to Maine in the summer:

> "I like exploring, traveling, and importing places that are doing well back here to Las Vegas," Fine says. "Driving up and down the [Maine] coast, there's lobster shacks, clam shacks, and just the whole experience of doing that inspired me, for instance, to bring a lobster roll business to Vegas."

*See* Exhibit 7.

28. The posted article describing this interview has seemingly since been taken down.

29. Upon information and belief, one of the "inspirations" Mr. Fine imported to Vegas from Maine is Taco Escobarr.

30. Since its opening, Taco Escobarr's staff have received calls from customers trying to reach the Las Vegas restaurant.

31. There have additionally been negative social media reviews mistakenly referring to "Taco Escobar" as "Taco Escobarr," thus confusing it with the Maine location.

32. Following the restaurant's opening, Mr. Barr wrote to Mr. Fine, seeking to start a dialogue and potentially resolve this dispute, but has received no response.

**FIRST CLAIM FOR RELIEF**
**[False Designation of Origin, 15 U.S.C. § 1125(a)]**

33. Barr repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

34. Defendants have used the term Taco Escobar in interstate commerce in association with goods and services.

35. Defendants' actions described above are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Taco Escobar (Vegas) and Barr, or as to the origin, sponsorship, or approval of Defendants' services and commercial activities by Barr, and thus constitute trademark infringement, false designation of origin, and/or unfair competition with respect to the "TACO ESCOBARR" mark in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

36. Upon information and belief, the actions of Defendants described above have at all times relevant to this action been willful, wanton and oppressive.

37. As a direct and proximate result of the actions of Defendants alleged above, Barr has been damaged and will continue to be damaged in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**[False Advertising, 15 U.S.C. § 1125(a)]**

38. Barr repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

39. Defendants have used the term Taco Escobar in interstate commerce in association with goods and services.

40. By engaging in the above–described activities, Defendants have made false and misleading representations of fact to consumers and potential consumers through promotional activities, misrepresenting the nature, characteristics, qualities, or origin of their services, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

41. Upon information and belief, the actions of Defendants described above have at all times relevant to this action been willful, wanton and oppressive.

42. As a direct and proximate result of the actions of Defendants alleged above, Barr has been damaged and will continue to be damaged in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**[Maine Uniform Deceptive Trade Practices Act, 10 M.R.S. § 1212]**

43. Barr repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

44. Defendants have used the term Taco Escobar in the course of their business.

45. Defendants' actions described above constitute deceptive trade practices in violation of Title 10, Section 1212 of the Maine Revised Statutes, by, *inter alia*: (a) passing off goods or services as those of another; (b) causing a likelihood of confusion, mistake, or deception as to the origin, source, sponsorship, or approval of Defendants' services and commercial activities; (c) causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Taco Escobar (Vegas) and Barr; (d) using deceptive representations in connection with Defendants' services and commercial activities; (e) representing that Defendants' services have sponsorship, approval, or characteristics that they do not have; (f) representing that Defendants' services are of a particular standard, quality or grade, when they are of another; (g) disparaging the services or business of another by false or misleading representation of fact; and/or (h) engaging in other conduct creating a likelihood of confusion or of misunderstanding.

46. Upon information and belief, the actions of Defendants described above have at all times relevant to this action been willful, wanton and oppressive.

47. As a direct and proximate result of the actions of Defendants alleged above, Barr has been damaged and will continue to be damaged in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**[Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0915 and Nevada Consumer Fraud Act, Nev. Rev. Stat. § 41.600]**

48. Barr repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

49. Defendants have used the term Taco Escobar in the course of their business.

50. Defendants' actions described above constitute consumer fraud in violation of Title 3, Section 41.600 of the Nevada Revised Statutes and deceptive trade practices in violation of Title 52, Section 598.0915 of the Nevada Revised Statutes, by, *inter alia*: (a) knowingly passing off goods or services as those of another; (b) knowingly making a false representation as to the origin, source, sponsorship, or approval of Defendants' services and commercial activities; (c) knowingly making a false representation as to affiliation, connection or association between Taco Escobar (Vegas) and Barr; (d) using deceptive representations in connection with Defendants' services and commercial activities; (e) knowingly representing that Defendants' services have sponsorship, approval, status, affiliation or connection that they do not have; (f) representing that Defendants' services are of a particular standard, quality or grade, when they are of another; (g) disparaging the services or business of another by false or misleading representation of fact; and/or (h) knowingly making any other false representation in a transaction.

51. Upon information and belief, the actions of Defendants described above have at all times relevant to this action been willful, wanton and oppressive.

52. As a direct and proximate result of the actions of Defendants alleged above, Barr has been damaged and will continue to be damaged in an amount to be proven at trial.

53. As a result of the actions of Defendants alleged above, Barr has been required to retain the services of attorneys and is entitled to reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court for the following relief:

A. An order that Defendants, and any officers, agents, servants, employees, attorneys, and any and all persons in active concert or participation with them who receive notice of such judgment, directly or otherwise, be temporarily, preliminarily, and permanently enjoined from:

(i) using the mark "TACO ESCOBARR," "TACO ESCOBAR," "TACO ESCO BAR," or any other confusingly similar names or markings on any product or service.

(ii) representing that Defendants' services are in any way connected with, affiliated with, licensed by, or are the same as, those provided by Barr.

B. Awarding statutory and compensatory damages reasonably calculated to compensate Plaintiff for its losses, including lost profits due to diverted sales, lost goodwill, and cheapening of Plaintiff's reputation as well as any exemplary and multiple damages which may be available under 15 U.S.C. § 1117, NRS § 42.005, and other applicable statutes and laws;

C. Awarding Plaintiff the Defendants' profits;

D. Awarding Plaintiff its attorneys' fees and costs; and

E. Awarding such other and further relief as the Court deems just and proper.

Dated: October 2, 2026

*_/s/ Stacy O. Stitham_*
Peter J. Brann
pbrann@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
BRANN & ISAACSON
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243–3070
Tel. (207) 786–3566

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.

Dated: October 2, 2026

*/s/ Stacy O. Stitham*

Peter J. Brann
pbrann@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
BRANN & ISAACSON
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243–3070
Tel. (207) 786–3566

*Attorneys for Plaintiff*